**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEANDRE LAMONS-MCCLAIN,** | § | |
| **PLAINTIFF,** | § | **CIVIL ACTION NO. _________________** |
| | § | |
| **v.** | § | |
| | § | |
| **CAPT. BILL NELSON,** | § | |
| **ADMINISTRATOR, NATIONAL** | § | |
| **AERONAUTICS AND SPACE** | § | |
| **ADMINISTRATION,** | § | |
| **DEFENDANT.** | § | **JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF THIS COURT:

**<u>Preliminary Statement</u>**

1. This is an employment lawsuit brought for race, gender, and disability discrimination, and retaliation, in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended ("Title VII"), and the Americans with Disability Act Amendment Act ("ADAAA"), 42 U.S.C. § 12101 et seq., as amended.

2. During all times mentioned in this Complaint, Plaintiff, LeAndra LaMons-McClain ("Mc-McClain"), was and is a Black female disable employee who engaged in protected activity.

3. During all times mentioned in this Complaint, Defendant, National Aeronautics and Space Administration ("NASA") was and is still a federal employer subject to Title VII and the ADEA. Capt. Bill Nelson is the current Administrator of NASA and may be served with this complaint at 300 E Street SW, Washington, D.C. 20546.

**<u>Jurisdiction</u>**

4. Jurisdiction is invoked pursuant to 42 U.S.C. § 1331 based on a federal question.

5. Declaratory, injunctive, and equitable relief are sought pursuant to Title VII and the ADAAA.

6. All conditions precedent to filing this lawsuit have been met. McClain received a Final Order from the EEOC dated September 10, 2024, and filed this complaint within ninety (90) days of this date.

7. Compensatory damages are sought pursuant to Title VII and the ADAAA.

8. Costs and attorney's fees are sought pursuant to Title VII and the ADAAA.

**Venue**

9. This action properly lies in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices and other misconduct were committed in this judicial district.

**Facts**

10. McClain has been employed by NASA since January 2020 as a Personnel Security ("PSS") Specialist (Grade GS-12), though she began to perform the work of a GS-13and GS-14 as time passed.

11. In May 2021, NASA's Headquarters formed and consolidated Personnel Security ("PERSEC") Division and reassigned McClain to Headquarters. Her SF-50 dated May 9, 2021, has her Position Description ("PD") as a Security Specialist GS-12/0080 with a PD number 1063408. She confirmed these facts by reviewing her personnel records.

12. McClain's current duties do not match what NASA required her to originally perform when first employed. For instance, her current duties require her to perform security disciplines that are not a part of the PERSEC Division. NASA often uses reorganizations and changes in a

PD to make Black employees work harder because they are good performers. However, NASA often stops there and does not increase the pay or grade of a Black or Non-Caucasian employee.

13. Currently, McClain performs nearly identical PD work requirements of a GS-13 and GS-14 as a GS-12 since May 2021. Even her performance evaluations had the same performance factors as her senior (GS-13 and 14) colleagues.

14. While she has repeatedly asked about the disparity, no changes have been made. Specifically, Jessica Andreas, her first and second line supervisor during parts of her employment, told McClain that she was not going to change her job duties. She requested a desk audit to be properly classified to include her duties as required by policy. However, Andreas denied her desk audit request. Thereafter, Andreas assigned additional duties and more complex work to McClain.

15. Others receiving more pay for performing the same or nearly identical job duties include Ben Cordero, Kristin Johnson, Sam Hensley, James Hopkins, and Heather Apotoff. All are non-Black. As such, the claims that she was denied equal pay for equal work as a GS-13 and GS-14 are based on race and gender.

16. On or about June 8, 2023, NASA notified McClain that she had been denied selection for Security Specialist, Job announcement number HQ-23-IMP-11947654-MG. The questions during the interview were mostly hypothetical and some were non-sensical and discriminatorily based. To name a few, Andreas asked, "[i]f you could be any animal, what animal would you be and why?" McClain was also asked [w]hat situations cause you stress and how do you handle it? At the time, McClain had shared her disabilities of anxiety, depression, migraines and other diagnoses things that can be worsened by stress. Thus, that question was asked to embarrass and belittle her during the interview process. It was the strangest interview that McClain had completed as an applicant. She described it as a "Starbucks Interview."

17. In June 2023, she also received a lower performance evaluation than what she had received in prior years. Her request for reconsideration was denied.

18. On or about July 8, 2023, McClain reported to the EEO counselor her belief that the pay disparity, low evaluation, as well as the promotion denial to a GS-13 were motivated by her race as she was the only Black performing the same duties at a GS-12 grade.

19. McClain was salary capped at the GS-12 level and was blocked by the denial of the desk audit, the promotion denial.

20. In June 2023, McClain reported the previously mentioned facts and claims with her EEO Counselor. She completed the EEO formal and informal processes. She requested a hearing with an EEOC administrative judge. She submitted written discovery and requested deposition dates for NASA employees. This is when her attorney discovered she had inadvertently missed the start date for discovery due to health issues. However, she sent the discovery in enough time to meet the discovery deadline. The EEOC judged refused to extend the time to start discovery. Without discovery (other than the Report of Investigation), counsel for McClain felt another remedy to this issue was to withdraw her claims and file in federal court as this was an option to her had the EEOC ruled against her.

21. Near the time McClain withdrew her EEOC case to file in federal court, Andreas started creating a toxic work environment by targeting McClain. For instance, she requested a survey of her performance by her subordinates, including McClain. McClain was the only one who had filed a case with the EEOC against Andreas among others so she was sure the meeting was to scold, condescend, and make her feel uncomfortable. She made McClain attend a one-on-one meeting and denied McClain's request to have someone present like her supervisor. She also denied McClain's request that the meeting to be recorded to limit accusations later by Andreas. She was

denied this request as well. Her current supervisor admitted that she noticed Andreas targeting or being different with her than other subordinates of Andreas. Her attorney intervened and told counsel for NASA that she was on behalf of McClain requesting an accommodation for future one-on-one meetings with Andreas. The last one-on-one meeting caused McClain's blood pressure to be highly elevated after the meeting and she had to be rushed to urgent care. Her anxiety was so bad she felt like she was going to have a panic attack. McClain's physician told her not to go to work for the next few days. She had to take those days without pay because she has an upcoming medical procedure that will require her to be off from work.

22. Any reason(s) NASA may offer for not taking no action or taking adverse action against McClain is pretextual, manufactured to conceal unlawful discrimination and retaliation based on race, gender and disability and retaliation.

23. If NASA had not discriminated or retaliated McClain, she would not have felt compelled to retire and would have received pay increases, promotions, as well as other employment benefits.

24. McClain has no plain, adequate, or complete remedy at law to redress the wrongs experienced. She is now suffering and will continue to suffer irreparable injury from the discrimination and retaliation by NASA.

25. McClain suffered, is now suffering, and will continue to suffer emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary losses as a direct result of NASA's unlawful acts.

26. McClain will suffer future pecuniary losses as a direct result of NASA's unlawful acts.

**Causes of Action**

27. McClain incorporates as if re-alleged herein paragraphs 1 through 26.

28. Because her race, disability, and/or gender was a motivating factor in denying the promotion, pay consistent with the work she performs as a GS-13 and 14, desk audit, increase on performance rate, and other acts, NASA violated Title VII and the ADAAA.

**Prayer for Relief**

29. Wherefore, McClain prays that this Court:

a. declare the conduct engaged in by Defendant to be in violation of his rights;

b. enjoin Defendant from engaging in such conduct;

c. order Defendant to change the rating from 3 to 4 on her performance evaluation;]

d. promote her to a GS-13 or 14 with retroactive pay with benefits including but not limited to retirement matching benefits;

d. order front pay and benefits for the period remaining until his voluntary retirement;

e. award him liquidated and compensatory damages at the maximum permitted by law;

f. award him reasonable costs and attorney's fees; and

g. grant such other relief as she may deem just and proper.

**Jury Trial**

30. demands a jury trial.